IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ADRIAN MONTOYA CARLOS,<br><br>                    Defendant. | 4:14-CR-3109<br><br>TENTATIVE FINDINGS |

The Court has received the second revised presentence investigation report in this case. The defendant has filed an objection (filing 60) to the presentence report, and also moved for a downward variance (filing 61).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report on a narrow basis: the defendant objects to the description in the presentence report of a conversation between the defendant and a confidential informant regarding the possibility of another drug transaction. *See* filing 60. The Court notes that given the sentencing agreement (filing 58), in which the parties agreed to the weight for which the defendant should be held responsible, the defendant's objection is largely moot. Nonetheless, the Court will resolve the objection at sentencing.

3. The defendant has also filed a motion for variance (filing 61), asking the Court to apply the § 3553(a) factors and impose the mandatory minimum sentence. *See* filing 62. The defendant asks the Court to consider a policy-based criticism of the methamphetamine Guidelines, and also contends that a Guidelines sentence is unwarranted by the specific circumstances of his offense. *See* filing 62.

   The Court acknowledges its discretionary authority to substantially vary from a correctly calculated Guidelines range, based exclusively upon the Court's policy disagreement with a particular guideline, if the guideline at issue is not the product of the Sentencing Commission's institutional strengths. *United States v. VandeBrake*, 679 F.3d 1030, 1042-43 (8th Cir. 2012) (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). But the Court is not required to do so, *see United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009), and has not been inclined to do so in the past. The Court will resolve the defendant's motion for variance, on both grounds, at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

       supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

       Dated this 21st day of July, 2015.

                                    BY THE COURT:

                                    John M. Gerrard
                                    United States District Judge