IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3109 |
| vs. | |
| ADRIAN MONTOYA CARLOS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 71) filed by the defendant, Adrian Montoya Carlos. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be

summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The initial question is whether the defendant's motion was timely filed.[1] A § 2255 motion must be filed within 1 year from the latest of

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Judgment was entered in this case on August 20, 2015, *see* filing 69, and became final when the time for taking an appeal ran: far more than 1

---

[1] The Court is permitted, but not required, to *sua sponte* consider the timeliness of a § 2255 petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court elects to do so here.

year before his March 20, 2017 motion, *see* filing 71.² And none of the other provisions for accrual, set forth in § 2255(f)(2)-(4), can be found here.

The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States*, 173 F.3d 1131, 1134-35 (8th Cir. 1999), and may be equitably tolled where the defendant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing, *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). An attorney's negligence or mistake is not generally an extraordinary circumstance, but serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling. *Id.* at 816.

The defendant's motion represents that it was not filed within a year of final judgment because "attorney promised to file this motion to the court to get my sentence [sic] reduction." Filing 71 at 11. That allegation is insufficient to establish a basis for equitable tolling. *See Muhammad*, 735 F.3d at 816. Before dismissing a petition, however, the Court must afford the parties fair notice and an opportunity to be heard. *Day*, 547 U.S. at 211. Accordingly, the Court will direct the defendant to show cause why his motion should not be dismissed as untimely.

---

² The Court notes that the motion itself was dated March 2, and was certainly postmarked before March 20. But the defendant has not met the procedural requisites of the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1). And the defendant's motion is too untimely for those few days to make a meaningful difference.

IT IS ORDERED:

1.  The defendant is ordered to show cause, on or before June 16, 2017, why his § 2255 motion (filing 71) should not be dismissed as untimely.

2.  Absent a response, the Court will enter judgment without further notice.

3.  The Clerk of the Court is directed to enter a show cause deadline of June 16, 2017.

4.  The Clerk of the Court shall send a copy of this memorandum and order to the defendant at his last known address.

Dated this 11th day of May, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge