IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3109 |
| vs. | |
| ADRIAN MONTOYA CARLOS, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's "motion to revoke imposition of supervised release" (filing 77). That motion will be denied.

The defendant was convicted of one count of conspiracy to distribute 50 grams or more of actual methamphetamine or 500 grams or more of a methamphetamine mixture, and one count of being an illegal alien in possession of a firearm and ammunition. Filing 32 at 1; filing 69 at 1. He was sentenced to 126 months' imprisonment on the conspiracy charge, and 72 months' imprisonment on the weapons charge, terms to run concurrently. Filing 69 at 2. And he was sentenced to a 5-year term of supervised release on the conspiracy charge, and a 3-year term of supervised release on the weapons charge, terms to run concurrently. Filing 69 at 3.

The defendant's motion contends that he will be deported when he is released from prison, and points to U.S.S.G. § 5D1.1(c), which provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." He asserts that the Court "failed to take into consideration § 5D1.1(c)" when

imposing sentence, and asks that the Court reconsider its imposition of supervised release. Filing 77 at 2-3.

The Court will deny the defendant's motion for two reasons. First, a minimum 5-year term of supervised release *was* required by statute for the defendant's conspiracy conviction. 21 U.S.C. §§ 841(b)(1)(A)(viii) & 846. Second, even if supervised release was not required, the sentencing court cannot alter the terms of a sentence—including supervised release—once the defendant has begun to serve it. *United States v. Harris*, 794 F.3d 885, 889 (8th Cir. 2015). And while the Court may order early termination of a term of supervised release, it may do so only after the expiration of 1 year of supervised release. 18 U.S.C. § 3583(e)(1); *see United States v. Johnson*, 529 U.S. 53, 60 (2000). And obviously, that has not happened yet. Accordingly,

IT IS ORDERED that the defendant's "motion to revoke imposition of supervised release" (filing 77) is denied.

Dated this 14th day of June, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge