IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3109 |
| vs. | |
| ADRIAN MONTOYA CARLOS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has filed as a motion to reduce sentence. Filing 79. The defendant's motion will be denied.

The defendant is asking for his sentence to be reduced pursuant to 18 U.S.C. § 3582(c)(2), which provides that the Court may modify a term of imprisonment if the "defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The defendant relies on "the new first offender guidelines which lowered to those individuals with mandatory minimums[.]" Filing 79. He refers the Court generally to the Federal Register, "w[h]ich will star[t] in effect on this year[.]" Filing 79.

But there are least three problems with the defendant's request. The first is that the Court cannot find any adopted amendment to the sentencing guidelines matching the defendant's description. *See* United States Sentencing Commission, *Adopted Amendments (Effective November 1, 2018)*, (April 30, 2018), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20180430_Amendments.pdf. Nor could

there be such an amendment: when a statute and a guideline conflict, the statute controls. *United States v. Stoneking*, 60 F.3d 399, 402 (8th Cir. 1995). The Sentencing Commission cannot override a statutory mandatory minimum sentence. *See id.*

Second, at least at this point, none of the adopted amendments have been made retroactive. A sentence reduction pursuant to § 3582(c)(2) is not a resentencing: § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court is constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by an amendment may be reduced. *Id.* Because § 3582(c)(2) authorizes a reduction *only* if it is consistent with policy statements issued by the Sentencing Commission, the Court must determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted. *Dillon*, 560 U.S. at 826; *see*, *United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009); *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

"If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). In other words, the retroactivity decision is left to the Commission's discretion. *United States v. Hernandez*, 18 F.3d 601, 602 (8th Cir. 1994). Because a sentence reduction pursuant to § 3582(c)(2) must be consistent with the Commission's policy statements, only amendments enumerated in § 1B1.10(d) may be applied retroactively. *Hernandez*, 18 F.3d at 602; *United States v. Dowty*, 996 F.2d 937, 938-39 (8th Cir. 1993). And no

amendment to § 1B1.10(d) has been adopted. *See Adopted Amendments (Effective November 1, 2018)* at 47.

Finally, the only adopted amendment that addresses "first offenders"—even if it was to be retroactive—would not help the defendant. A new application note has been adopted for U.S.S.G. § 5C1.1 relating to "Alternatives to Incarceration for Nonviolent First Offenders," providing in relevant part that:

> If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment . . . . For purposes of this application note, a "**nonviolent first offender**" is a defendant who has no prior convictions or other comparable judicial dispositions of any kind and who did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense of conviction.

*Adopted Amendments (Effective November 1, 2018)* at 75. But the defendant was convicted both of conspiracy to distribute methamphetamine and being an illegal alien in possession of a firearm and ammunition. Filing 69 at 1. Furthermore, a total offense level of 33, even with a criminal history category of I, *see* filing 70 at 1, put the defendant in Zone D of the Sentencing Table. And based on his convictions, the defendant was ineligible for probation. *See* 21 U.S.C. § 841(b)(1)(A); *see also* 18 U.S.C. § 3561(a)(3).

In sum, there are no adopted amendments to the sentencing guidelines that apply to the defendant. Accordingly, his motion for a sentencing reduction will be denied.

IT IS ORDERED that the defendant's motion to reduce sentence (filing 79) is denied.

Dated this 7th day of May, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge